**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **STATE FARM FIRE & CASUALTY CO. a/s/o ALAN & HEATHER SHAW** **2010 OAKWOOD DRIVE** **HANOVER, PA  17331** | **Civil Action No.:** |
| **Plaintiff** | |
| **v.** | **NON-ARBITRATION** |
| **AMERICAN-HUNGERFORD BUILDING PRODUCTS** **150 FULLING MILL ROAD** **MIDDLETOWN, PA 17057** | |
| **and** | |
| **TOPBUILDER CORP. f/k/a MASCO CONTRACTOR SERVICES** **475 N. WILLIAMSON BOULEVARD** **DAYTONA BEACH, FL 32114** | |
| **and** | |
| **MASCO CONTRACTOR SERVICES** **150 FULLING MILL ROAD** **MIDDLETOWN, PA 17057** | |
| **and** | |
| **TRUTEAM BUILDERS SERVICES GROUP d/b/a AMERICAN HUNGERFORD BUILDING PRODUCTS** **150 FULLING MILL ROAD** **MIDDLETOWN, PA 17057** | |
| **and** | |
| **BUILDERS SERVICES GROUP, INC. d/b/a AMERICAN HUNFORD BUILDING PRODUCTS** **475 N. WILLIAMSON BOULEVARD** **DAYTONA BEACH, FL 32114** | |
| **Defendants** | |

## COMPLAINT

Plaintiff, State Farm Fire & Casualty Co. a/s/o Alan and Heather Shaw (hereinafter "Plaintiff"), by and through undersigned counsel, hereby demands judgment against Defendants, American-Hungerford Building Products, TopBuild Corp. f/k/a Masco Contractor Services, Masco Contractor Services, TruTeam Builders Services Group d/b/a American Hungerford Building Products and Builders Services Group, Inc. d/b/a American Hungerford Building Products, and complains against them as follows:

### PARTIES

1.      Plaintiff is a corporation organized and existing under the laws of the State of Illinois, with a principal place of business located at One State Farm Plaza in Bloomington, Illinois; Plaintiff is in the business of insurance and, at all times relevant hereto, was duly authorized to engage in the business of insurance in the Commonwealth of Pennsylvania.

2.      At all times relevant hereto, Plaintiff provided property (*inter alia*) insurance to Alan and Heather Shaw (hereinafter "subrogors") in connection with their property located at 2010 Oakwood Drive in Hanover, PA (hereinafter the "subject property") under a policy of insurance that was in full force and effect on all relevant dates and times.

3.      In the wake of the incident described below, as a result of claims made on said policy (which were duly paid pursuant thereto), Plaintiff became subrogated to certain recovery rights and interests of subrogors for monies paid thereunder, including the claims giving rise to this action.

4.      Defendant American-Hungerford Building Products (hereinafter "American-Hungerford" or collectively as "Defendants") is, upon information and belief, a Pennsylvania

corporation with a principal place of business located at 150 Fulling Mill Road in Middletown, Pennsylvania.

5.      Defendant TopBuild Corp. f/k/a Masco Contractor Services (hereinafter "TopBuild" or collectively as "Defendants") is, upon information and belief, a Florida corporation with a principal place of business located at 475 N. Williamson Boulevard in Daytona Beach, Florida.

6.      Defendant Masco Contractor Services (hereinafter "Masco" or collectively as "Defendants") is, upon information and belief, a Pennsylvania corporation with a principal place of business located at 150 Fulling Mill Road in Middletown, Pennsylvania.

7.      Defendant TruTeam Builders Services Group d/b/a American Hungerford Building Products, (hereinafter "TruTeam" or collectively as "Defendants") is, upon information and belief, a Pennsylvania corporation with a principal place of business located at 150 Fulling Mill Road in Middletown, Pennsylvania.

8.      Defendant Builders Services Group, Inc. d/b/a American Hungerford Building Products (hereinafter "Builders Services" or collectively as "Defendants") is, upon information and belief, a Florida corporation with a principal place of business located at 475 N. Williamson Boulevard in Daytona Beach, Florida.

## JURISDICTION AND VENUE

9.      Jurisdiction is based on 28 U.S.C. §1332(a)(1) as the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

10.     Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

11.     Defendants were retained to perform the installation of insulation at the subject property, including, *inter alia*, insulation of the chimney-chase area.

12.     On January 19, 2016, a fire erupted at the subject property due to the improper insulation of the chimney-chase area; this caused the fireplace's flue pipe to be covered in spray insulation.

13.     An investigation into this incident revealed that several conditions related to the improper insulation of the chimney-chase area, contributed to its occurrence; these included, but were not limited to, there being no barrier to prevent the insulation from entering the stove-pipe chase and flue area; this condition allowed the heat of the flue to and/or stray ash or embers to make contact with insulation (and/or other combustibles); such insulation or other combustibles thereby ultimately ignited, causing the fire.

14.     As a direct and proximate result of the acts and/or omissions of Defendants (as are described more fully below), subrogors sustained damage to their property, as well as additional expenses and hardships besides, in an amount in excess of $250,000.00.

15.     Subrogors made claims for such damages under their insurance policy; by operation of payments made pursuant to the terms and condition of said policy, Plaintiff became subrogated to the recovery claims asserted in this action.

## COUNT I – NEGLIGENCE v. ALL DEFENDANTS

16.     Plaintiff repeats and re-alleges all of the allegations set forth in all above paragraphs as though they were fully set forth and repeated herein at length.

17.     Defendants owed subrogors a duty of care to, *inter alia*, monitor, inspect, confirm and see to it that their agents, servants, workmen, employees, servants and/or chosen

subcontractors safely and properly insulated the chimney-chase area at the subject property.

18.    The aforementioned damages were the direct and proximate result of the negligence, carelessness and/or other unlawful conduct of Defendants – including negligent acts and/or omissions as performed by and through their agents, servants, workmen, employees, servants and/or chosen subcontractors, acting within the course and scope of their employment and/or agency – more specifically described as follows:

(a)    failing to exercise reasonable care in the performance of duties in the installation and/or supervising of the insulation of the chase and flue areas performed at the subject property, including, but not limited to, carelessly and negligently performing the following:

(1)    failing to competently install and/or supervise the insulation of the chase and flue areas in a safe and appropriate manner;

(2)    failing to ensure that proper techniques were employed, and applicable safety procedures followed, as to the installation of insulation of the chase and flue areas; and/or

(3)    failing to properly monitor the work of all agents and/or employees during the installation of the insulation of the chase and flue areas to ensure compliance with applicable safety procedures.

(b)    failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

(c)    failing to warn subrogors and others of the dangers resulting from the failure to exercise reasonable care as set forth in subparagraph (a), above;

(d)    failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

(e)    failing to perform the tasks set forth in subparagraph (a) in conformity with prevailing industry and governmental specifications and standards;

(f)    failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above; and/or

(g)    violating the standards of care prescribed by statutes, rules, regulations,

ordinances, codes, and/or industry customs applicable to this action.

19.     As a direct and proximate result of such acts or omissions, the subject property was damaged and additional expenses were incurred in an amount in excess of $250,000.00; as described herein, Plaintiff became subrogated to claims relating thereto and asserted herein.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Defendants – jointly, severally, and/or in the alternative – in an amount in excess of $250,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II – BREACH OF CONTRACT v. ALL DEFENDANTS

20.     Plaintiff repeats and re-alleges all of the allegations set forth in all above paragraphs as though they were fully set forth and repeated herein at length.

21.     In causing the damage as alleged herein, Defendants breached the express and/or implied terms of their agreement with an entity known as Burkentine & Sons Builders, Inc.; subrogors were an intended third-party beneficiary of said agreement.

22.     Upon information and belief, Defendants held themselves out as competent insulation installers, representing that they possessed the necessary skill and expertise to properly insulate the subject property.

23.     Defendants materially breached the agreement by failing to properly perform their work in a good and workmanlike manner in accordance with the terms of the contract, as well as by (a) failing to use its best skill and attention in performing the work promised; (b) failing to provide subrogors with a habitable property; and (c) failing to adequately supervise and direct the work of its subcontractors.

24.     For their part, subrogors performed all their obligations under the aforementioned agreement, as well as all conditions precedent to recovery on this count.

25.     As a direct and proximate result of Defendants above-described breach(es) of their agreement, subrogors sustained damages.

26.     As described herein, Plaintiff became subrogated to certain rights and interests of subrogors, thereby giving rise to the claims asserted in this action.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Defendants – jointly, severally, and/or in the alternative – in an amount in excess of $250,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT III – BREACH OF IMPLIED WARRANTIES v. ALL DEFENDANTS

27.     Plaintiff repeats and re-alleges all of the allegations set forth in all above paragraphs as though they were fully set forth and repeated herein at length.

28.     In serving as the insulation installer at the subject property, a residential structure, Defendants impliedly warranted that they would insulate the subject property in a reasonably workmanlike manner, safely functional and not defective, and render the subject property in a habitable condition.

29.     The insulation of the chimney-chase and flue areas were not performed in a standard-compliant, competent, and workmanlike manner for the reasons set forth herein, and as such posed an uninhabitable hazard to subrogors and the subject property.

30.     Accordingly, Defendants breached implied warranties, as set forth above, on which subrogors had rights to rely.

31.    Defendants did not provide subrogors with a property – nor specifically chimney-chase and flue areas – insulated in a good and workmanlike manner, nor conducive to creating a habitable property.

32.    Subrogors used the subject property and in particular its wood stove/fireplace in a foreseeable and ordinary manner, of which Defendants should have been aware, and for which Defendants' expertise was relied upon; and yet subrogors sustained the damages described herein due to the defects, breaches and negligence described above.

33.    Plaintiff became subrogated to certain rights and interests of subrogors as described herein, thereby giving rise to the claims asserted in this action.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Defendants – jointly, severally, and/or in the alternative – in an amount in excess of $250,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

                                        **de LUCA LEVINE LLC**

                        By: _____
                                        DANIEL J. de LUCA,
                                        ATTORNEYS FOR PLAINTIFF
                                        PA ATTORNEY I.D. NO.: 74727
                                        Three Valley Square, Suite 220
                                        Blue Bell, PA 19422
                                        (215) 383-0081 (Telephone)
                                        (215) 383-0082 (Fax)
                                        ddeluca@delucalevine.com

Dated: January 18, 2018